R. Rex Parris (Cal. State Bar No. 96567)
 *rrparris@rrexparris.com*
Alexander R. Wheeler (Cal. State Bar No. 239541)
 *awheeler@rrexparris.com*
Kitty K. Szeto (Cal. State Bar No. 258136)
 *kszeto@rrexparris.com*
Douglas Han, Esq. (Cal. State Bar No. 232858)
 *dhan@rrexparris.com*
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Tel:  (661) 949-2595/Fax:  (661) 949-7524

Edwin Aiwazian (Cal. State Bar No. 232943)
 *edwin@lfjpc.com*
Jill J. Parker (Cal. State Bar No. 274230)
 *jill@lfjpc.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel:  (818) 265-1020/Fax:  (818) 265-1021

*Attorneys for* Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BICEK; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>            Plaintiff,<br><br>     vs.<br><br>C&S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. 2:13-cv-00411-MCE-KJN<br><br>Honorable Kendall J. Newman<br>Courtroom 25<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed:  December 10, 2012<br>Trial Date:         None Set |

**STIPULATED PROTECTIVE ORDER**

WHEREAS the parties in the above-captioned action believe that the information they disclose through discovery and in the course of supporting or opposing motions may constitute, contain or reflect confidential, trade secret, proprietary, technical, scientific, business or financial information of a party or of a non-party;

WHEREAS the parties desire to establish a mechanism to protect the disclosure of such information in this action;

**IT IS HEREBY ORDERED THAT**:

1. **Definitions**: For purposes of this Stipulated Protective Order, the following definitions shall apply:

   (a) <u>Document</u>. The term "document" shall include all "Writings," as defined in section 250 of the California Evidence Code; shall have the full meaning ascribed to it by the California Code of Civil Procedure and the Federal Rules of Civil Procedure; and shall include, without limitation, any records, exhibits, reports, samples, transcripts, electronic mail ("email"), video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or motions, including copies or computer-stored versions of any of the foregoing.

   (b) <u>Disclosing Party</u>. The term "Disclosing Party" is defined herein as any party or non-party who is requested to produce or produces documents, materials or testimony containing Confidential Material.

   (c) <u>Receiving Party</u>. The term "Receiving Party" is defined herein as any party to whom documents, materials or testimony containing Confidential Material is provided.

   (d) <u>Confidential Material</u>. The term "Confidential Material" refers collectively to CONFIDENTIAL INFORMATION.

   (e) <u>Confidential Information</u>. The term "CONFIDENTIAL INFORMATION" refers to information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(f) <u>Action</u>. The term "Action" is defined herein as the matter of *Dennis Bicek v. C&S Wholesale Grocers, Inc.*, Case No. 2:13-cv-00411-MCE-KJN, pending in the United States District Court for the Eastern District of California.

2. **Applicability of Protective Order**: If, in the course of this litigation, a party undertakes or is caused to disclose what the Disclosing Party contends is Confidential Material (i.e., CONFIDENTIAL INFORMATION) the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Stipulated Protective Order. Confidential Material shall be used solely in the preparation, prosecution or trial of this Action.

3. **Disclosure Prohibited**: Confidential Material or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, by a Receiving Party to anyone other than persons permitted to have access to such information under this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall limit disclosure or use by a Designating Party of its own Confidential Material.

4. **Designating and Marking Confidential Material**: Confidential Material to be designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order shall be designated and marked as follows:

(a) <u>Documents</u>. Documents may be designated as "CONFIDENTIAL" by placing the following legend, or equivalent thereof, on any such document:

"CONFIDENTIAL"

Such legends shall be placed upon every page of each document containing Confidential Material. In lieu of marking the originals of documents, the party may mark the copies that are produced, exchanged, filed or served.

(b) <u>Non-Paper Media</u>. Where Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the appropriate confidentiality notice as described in ¶ 4(a) above should be placed on the medium, if possible, and its

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

container, if any, so as to clearly give notice of the designation.  To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as Confidential Material, such printouts shall be marked as described in ¶ 4(a) above by the Receiving Party.

(c) <u>Physical Exhibits</u>.  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 4(a) above.

(d) <u>Written Discovery</u>.  In the case of Confidential Material incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ 4(a) above shall be placed only on the first page of the document and on each answer or response that actually contains Confidential Material.

5. **Deposition Proceedings**: Counsel for the parties agree that the Designating Party shall make a good faith effort to designate as Confidential Material only those specific portions of a deposition transcript that contain Confidential Material.

6. **Designating Inspections of Documents and Tangible Items**: If a party believes that inspection, measuring, testing, sampling or photographing of that party's processes, products, equipment, premises or other property pursuant to Federal Rule of Civil Procedure 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION the Disclosing Party shall advise in advance the Receiving Party in writing that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and that the information discovered shall be treated as CONFIDENTIAL INFORMATION.

7. **Inadvertent Nondesignation**: The failure to designate Confidential Material as "CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL."  In the event that Confidential Material is designated as "CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order.  Disclosure of

such Confidential Material to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Stipulated Protective Order.  However, in the event the document has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation:  *e.g.,* returning all copies of the "CONFIDENTIAL" document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

8. **Misdesignation**:  A Disclosing Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" that is not entitled to such designation or that is generally available to the public.

9. **Challenging Designation of Materials**:

(a) <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to

resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

The failure of a Receiving Party to challenge expressly a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

10.  **Access to CONFIDENTIAL INFORMATION**: Access to CONFIDENTIAL INFORMATION shall be limited to the following individuals:

(a) The Receiving Party (and their officers, directors, managing agents or other representatives who are engaged in or are assisting in the preparation of this action for trial or other resolution, except as otherwise provided herein) provided that it has executed this Protective Order);

(b) The Court and its officers, any special master, referee or mediator authorized to act in this proceeding;

(c) Counsel of record in this action and their employees or employee equivalents (e.g., contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this action for trial or other resolution;

(d) Independent experts, vendors, or consultants retained by counsel or the Requesting Party with respect to preparation of this action for trial or other resolution, and their employees or employee equivalents who are assisting such experts, vendors, or consultants with

respect to the preparation of this action for trial or other resolution, provided they execute a copy of the agreement attached hereto as Exhibit A;

(e) Court reporters, videographers, and their staff, to the extent necessary to perform their duties;

(f) Members of the jury and any courtroom attendees during the time of trial or other evidentiary hearing; and

(g) Any witnesses testifying under oath during trial or other hearing in this litigation.

11. **Jurisdiction of this Court**: Each individual who receives any Confidential Material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

12. **Witnesses**: Nothing herein is intended to prevent showing a document designated as "CONFIDENTIAL" to a person who the document indicates is an author or authorized recipient of the document. No copies of such documents shall be given to such individuals for them to retain. Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, the discussion by counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Stipulated Protective Order. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees or officers of the Disclosing Party.

13. **Experts and Consultants**: Before disclosing any CONFIDENTIAL INFORMATION to outside experts or consultants, the party seeking to disclose such information shall require all outside experts or consultants to execute Exhibit A hereto.

14. **Court Reporters and Videographers**: Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Stipulated Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all documents, information or testimony

designated "CONFIDENTIAL" is and shall remain confidential and shall not be disclosed, except as provided in this Stipulated Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Stipulated Protective Order, delivered to attorneys of record, or filed under seal with the Court.

15. **Filing Confidential Material With the Court**: Notwithstanding any designation of Confidential Material as CONFIDENTIAL INFORMATION, and notwithstanding any other provision of this Stipulated Protective Order, Confidential Material may be filed with the Court under seal only upon making a request to seal documents that complies with Local Rule 141.

16. **Storage of Confidential Materials**: The Receiving Party shall use due care with respect to the storage, custody, use and/or dissemination of Confidential Material. Among other things, CONFIDENTIAL INFORMATION shall not be stored at any business premises of the Receiving Party unless such information is stored in a secured area and accessible only to persons eligible to review such information.

17. **Copies of Confidential Materials**: Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of Confidential Material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Stipulated Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

18. **Custody of Confidential Materials**: Documents or information designated "CONFIDENTIAL" shall be maintained in the custody of counsel for the parties, except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Stipulated Protective Order to the extent necessary for

their study, analysis and preparation of the case.  A person with custody of documents designated "CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Stipulated Protective Order to examine the documents so designated.

19. **Procedure in Event of Non-Permitted Disclosure**:  Should any document or information designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Stipulated Protective Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Stipulated Protective Order; and shall (a) promptly inform such person of all the provisions of this Stipulated Protective Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that designated the document as confidential.  The executed agreement shall promptly be served upon the party that designated the document as confidential.

20. **Limited Scope**:  The purpose of this Stipulated Protective Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

21. **No Waiver of Privilege or Work Product**:  The terms of this Stipulated Protective Order shall in no way affect a Disclosing Party's right to:  (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" and containing no information designated by another party or third party as "CONFIDENTIAL."

22. **No Application to Public or Otherwise Available Information**:  The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" shall not apply to any information which:  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Stipulated Protective Order; or (c) has come or shall come into a Receiving Party's legitimate possession independently of the producing party.  Such restrictions and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" if that person already has or obtains legitimate possession thereof.

23. **Conclusion of Litigation**: Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents which have been designated "CONFIDENTIAL," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person. At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this order.

Notwithstanding the provisions in the immediately preceding paragraph, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain "CONFIDENTIAL" material. Any such archival copies that contain or constitute "CONFIDENTIAL" material remain subject to this Stipulated Protective Order.

24. **Subpoenas in Other Actions**: In the event any person or Receiving Party having possession, custody or control of any document or information produced in this action and designated "CONFIDENTIAL" by a Disclosing Party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail (via overnight delivery) the attorneys of record of the Disclosing Party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other

process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

25. **Continuing Jurisdiction**: The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Stipulated Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL INFORMATION or other documents or information, or (iii) seeking further production, discovery, disclosure or use of claimed CONFIDENTIAL INFORMATION or other documents or information.

26. **Obligations to Third Parties**: If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a non-party to maintain such information in confidence, the Disclosing Party shall give written notice to the non-party that its information is subject to discovery in this litigation, and shall provide the non-party with a copy of this Stipulated Protective Order. When such written notice is given to the non-party, the Disclosing Party will advise the potential Receiving Party that such notice has been given. The parties shall cooperate with each other and the non-party in attempting to resolve any disputes over disclosure and with each other in bringing unresolved disputes before the Court for resolution.

27. **Headings:** The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

////

////

////

////

////

**IT IS SO STIPULATED.**

Dated: July __, 2013                                   **LAWYERS *for* JUSTICE, PC**


BY: _____

Edwin Aiwazian
*Attorneys for* Plaintiff Dennis Bicek


Dated: July __, 2013                                   **SEYFARTH SHAW LLP**


BY: _____

Julie G. Yap
*Attorneys for* Defendants C&S Wholesale Grocers, Inc., and Tracy Logistics, LLC


## ORDER

**IT IS SO ORDERED, except that the court will not retain jurisdiction over the enforcement of the stipulated protective order after termination of the action. <u>See</u> E.D. Cal. L.R. 141.1(f). Additionally, nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial. Such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.**

Dated:  July 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT A

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Stipulated Protective Order entered in *Dennis Bicek v. C&S Wholesale Grocers, Inc.*, Eastern District of California Case No. 2:13-cv-00411-MCE-KJN. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____

_____
Signature

_____
Print Name

_____
Title