UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BICEK, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>C&S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:13-cv-00411-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Dennis Bicek ("Plaintiff") seeks relief from Defendants C&S Wholesale Grocers, Inc. ("C&S"), and Tracy Logistics, LLC ("Tracy Logistics") (collectively "Defendants") for violations of California state law. On December 10, 2012, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Sacramento, on behalf of himself and others similarly situated.

///

///

///

1

Plaintiff alleges violations of: (1) California Labor Code § 1194 for unpaid minimum and overtime wages; (2) the California Labor Code Private Attorneys General Act, Cal. Labor Code § 2698, et seq.; and (3) violations of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200-17207.

Presently before the Court is Plaintiff's Motion to Strike Portions of Defendant's Answer pursuant to Federal Rule of Civil Procedure 12(f).[1] (Pl.'s Mot. Strike, Mar. 14, 2013, ECF No. 9.) Defendants filed a timely opposition to the motion. (Defs.' Opp'n, Apr. 4, 2013, ECF No. 14.) For the reasons set forth below, Plaintiff's Motion to Strike is DENIED.[2]

## BACKGROUND[3]

Plaintiff brings the present action on behalf of himself and other current and former warehouse supervisors at Defendant C&S's warehouses in California. Plaintiff's proposed class includes warehouse supervisors who worked for Defendant from February 3, 2007, to final judgment in this case. Defendants employed Plaintiff as a warehouse supervisor, which is an "exempt" salaried position, from approximately November 2007 to December 2011, in Sacramento County. Defendants hired Plaintiff and misclassified him as an "exempt" employee, and paid him on a salary basis, without any compensation for overtime hours worked, missed meal periods, or rest breaks. According to Plaintiff, Defendants engaged in a uniform policy and systematic scheme of wage abuse against their warehouse supervisors.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

[3] The following recital of facts is taken, sometimes verbatim, from Plaintiff's Class Action Complaint. (Pl.'s Compl. Attached to Defs.' RJN, ECF No. 1-1.)

This alleged scheme involved misclassifying warehouse supervisors as "exempt" for purposes of payment of overtime compensation, when in fact these employees were "non-exempt" under California law.

Plaintiff and other class members worked over eight hours per day and/or more than forty hours per week during the course of their employment with Defendants. Furthermore, although Defendants knew or should have known that Plaintiff and putative class members were entitled to receive certain wages as overtime compensation, Plaintiff and putative class members did not receive such wages.  Similarly, Plaintiff and putative class members did not receive all rest and meal periods that they were entitled to receive, nor did Plaintiff and the putative class members receive one additional hour of pay when a meal period was missed.  Plaintiff also alleges that while Defendants knew or should have known that Plaintiff and putative class members were entitled to receive at least minimum wages as compensation, Plaintiff and putative class members did not receive at least minimum wages for all hours worked.  Plaintiff and putative class members were also entitled to timely payment of all wages during their employment and to timely payment of wages earned upon termination, but did not receive timely payment of these wages either during their employment or upon termination.  Plaintiff and putative class members likewise did not receive complete and accurate wage statements from Defendants, although Defendants knew or should have known that Plaintiff and putative class members were entitled to these statements.  Defendants also failed to keep complete and accurate payroll records.  Finally, Defendants falsely represented to Plaintiff and putative class members that the wage denials were proper.  Instead, these wage denials were improper and served the purpose of increasing Defendants' profits.

These claims were brought by a different plaintiff in a prior class action, Tompkins v. C&S Wholesale Grocers, Inc., which was initially brought in state court on February 3, 2011.[4]

---

[4] All facts relating to the Tompkins action are taken from Defendants' Opposition to Plaintiff's Motion to Remand.  (ECF No. 14.)

On March 14, 2011, the defendants in the Tompkins action removed the case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The defendants did not assert CAFA jurisdiction in the Tompkins case. The plaintiff then moved to remand the case, on the grounds that the operative complaint alleged an amount in controversy below the $75,000 threshold. The Court granted the plaintiff's motion to remand, finding that there was insufficient evidence to show that the amount in controversy for the plaintiff's individual claims exceeded $75,000. The defendants again removed the case to federal court on October 26, 2011, based on discovery conducted prior to that date. The Tompkins plaintiff again moved to remand, and the Court again granted the plaintiff's motion on the grounds that the defendants had not met their burden of proving that the amount in controversy on the plaintiff's individual claims exceeded $75,000.

On June 15, 2012, after the case was remanded, the Tompkins defendants deposed the named plaintiff in that case, David Tompkins. On September 21, 2012, the defendants offered Mr. Tompkins a Joint Offer to Compromise under California Civil Procedure Code § 998(b)(2), in the amount of $75,001. Mr. Tompkins accepted the Joint Offer on October 3, 2012. The instant action was filed two months later on behalf of the same putative class.

## ANALYSIS

Pursuant to Rule 12(f), Plaintiff moves to strike forty-six of Defendants' fifty-eight affirmative or additional defenses on the grounds that they are not pled with sufficient particularity. Plaintiff also moves to strike nine of Defendant's affirmative defenses on the grounds that they do not constitute valid affirmative defenses.

Rule 12(f) provides that "the court may strike form a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

///

The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

In this case, Defendants mailed their Answer to Plaintiff's Complaint on February 7, 2013.  (See Answer, ECF No. 1-1 at 52 (Proof of Service).)  Rule 5(b)(2)(C) provides that service by mail is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Thus, Plaintiff was served with Defendants' Answer on February 7, 2013.  Pursuant to Rule 12(f), Plaintiff's motion to strike all or part of Defendants' answer needed to be brought on or before February 28, 2013.  However, Plaintiff's motion to strike was brought on March 14, 2013—fourteen days late.

Accordingly, Plaintiff's Motion to Strike is untimely and therefore is denied.

## CONCLUSION

For the reasons just stated, Plaintiff's Motion to Strike (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated:  July 23, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT