UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS BICEK,

            Plaintiff,

    v.

C&S WHOLESALE GROCERS, INC. &
TRACY LOGISTICS LLC,

            Defendants.

No.  2:13-cv-0411-MCE-KJN

ORDER

INTRODUCTION

       Presently pending before the court is defendants C&S Wholesale Grocers, Inc. ("C&S")
and Tracy Logistics LLC's ("Tracy") motion for a protective order to preclude plaintiff from
deposing two of C&S's top-level executives.  (ECF No. 43.)  The motion was filed on August 30,
2013, and noticed for hearing on September 26, 2013.  (Id.)  On September 19, 2013, the parties
filed their joint statement regarding the discovery disagreement pursuant to Local Rule 251,
which was accompanied by several declarations.  (ECF No. 45-47.)  At the September 26, 2013
hearing, Jonathan Lebe appeared on behalf of plaintiff, and Jon Meer and Julie Yap appeared on
behalf of defendants.  (ECF No. 49.)

       After considering the parties' joint statement and supporting declarations, the parties' oral
argument, and the applicable law, the court grants defendants' motion for a protective order along

1

1    the terms outlined in this order.

2    BACKGROUND

3        The background facts are primarily taken from the parties' joint statement and supporting

4    declarations, unless otherwise noted.  (See Joint Statement Regarding Discovery Disagreement,

5    ECF No. 45 ["JS"].)  In this putative class action, plaintiff alleges that he and a putative class of

6    current and former salaried warehouse supervisors working for defendants were misclassified as

7    exempt employees.  Based on the alleged misclassification, plaintiff claims that he and the

8    putative class members were not provided with overtime pay, meal periods, and rest periods.  The

9    putative class includes approximately 110 current and former warehouse supervisors who worked

10   exclusively in California.  (JS at 2, 4.)  Plaintiff commenced the action on December 10, 2012, in

11   the Sacramento County Superior Court, and the action was removed by defendants to this court

12   on February 28, 2013.  (ECF No. 1.)

13       On August 6, 2013, plaintiff noticed the depositions of Rick Cohen, Chief Executive

14   Officer ("CEO") of C&S, and Peter Fiore, Executive Vice President of Warehouse and

15   Distribution of C&S, who both work in Keene, New Hampshire, to take place on September 5

16   and 6, 2013, in Glendale, California.  (Declaration of Julie G. Yap, ECF No. 46 ["Yap Decl."] ¶

17   2, Exs. A, B.)  According to defendants' counsel, plaintiff did not communicate with defendants

18   regarding the need for these depositions or the availability of the deponents or defendants'

19   counsel prior to noticing the depositions.  (Id. ¶ 3.)

20       On August 28, 2013, defendants' counsel sent a meet-and-confer letter to plaintiff's

21   counsel setting forth defendants' objections to the depositions.  (Yap Decl. ¶ 5, Ex. B;

22   Declaration of Jonathan M. Lebe, ECF No. 47 ["Lebe Decl."] ¶ 2, Ex. A.)  Defendants'

23   objections included that the depositions were unilaterally noticed without consulting counsel and

24   deponents as to availability; that the depositions must be taken at a location near the deponents'

25   place of business in New Hampshire; that Mr. Cohen and Mr. Fiore were busy high-level

26   executives without any personal knowledge regarding plaintiff's claims; and that even if these

27   individuals had any knowledge relevant to the case, plaintiff had not shown that the information

28   could not be obtained through less invasive sources, such as by depositions of lower-ranking

2

1    employees.  (Id.)  The letter noted that if plaintiff failed to withdraw the notices of deposition by

2    the close of business on August 29, 2013, defendants would serve objections and file a motion for

3    a protective order.  (Id.)

4             When plaintiff failed to respond to the letter or withdraw the notices of deposition,

5    defendants served objections and filed a motion for a protective order on August 30, 2013.  (Yap

6    Decl. ¶¶ 6-9, Ex. C; Lebe Decl. ¶ 3.)  Subsequently, on September 13, 2013, defendants' counsel

7    sent plaintiffs' counsel a copy of defendants' portion of the joint statement regarding the

8    discovery agreement, and requested that plaintiff's counsel forward plaintiff's portion no later

9    than September 17, 2013.  (Yap Decl. ¶ 10, Ex. D.)  Defendants' counsel also proposed meet-and-

10   confer discussions to eliminate the need for the motion and hearing, and invited plaintiff's

11   counsel to propose available dates/times for an in-person or telephonic conference.  (Id.)

12   Thereafter, on September 19, 2013, the day that the joint statement was due, defendants' counsel

13   received an e-mail attaching plaintiff's portion of the joint statement.  (Id. ¶ 12, Ex. E.)

14   According to defendants' counsel, plaintiff's counsel to date has never contacted defendants'

15   counsel to discuss the depositions, defendants' objections to the depositions, the meet-and-confer

16   correspondence, or defendants' motion; nor has plaintiff's counsel indicated that counsel was

17   unavailable, or needed an extension of time, to respond to defendants' meet-and-confer

18   correspondence.  (Id. ¶¶ 4, 6, 8, 11.)  Plaintiff's counsel apparently sent defendants' counsel

19   correspondence regarding other matters in the case during the same time frame.  (Id. ¶ 11.)

20            In their motion, defendants essentially request that the court issue a protective order

21   precluding the depositions of Mr. Cohen and Mr. Fiore, or in the alternative, postponing their

22   depositions until such time as plaintiff has exhausted attempts to acquire the information he seeks

23   from less burdensome, less inconvenient, and less expensive sources.  (ECF No. 43.)

24   DISCUSSION

25            Federal Rule of Civil Procedure 26(c) provides, in part, that:

26                    A party or any person from whom discovery is sought may move
                      for a protective order in the court where the action is pending – or
27                    as an alternative on matters relating to a deposition, in the court for
                      the district where the deposition will be taken.  The motion must
28                    include a certification that the movant has in good faith conferred or

> attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery….

Fed. R. Civ. P. 26(c)(1).  As the Ninth Circuit Court of Appeals previously observed, "Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)."  U.S. v. Columbia Broadcasting Sys., Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Before proceeding to the substance of defendants' motion, the court first considers plaintiff's preliminary argument that defendants failed to comply with the procedural meet-and-confer requirements to seek a protective order.

Procedural Meet-and-Confer Requirements

As outlined above, Federal Rule of Civil Procedure 26(c) requires a party moving for a protective order to meet and confer in good faith with other affected parties in an effort to informally resolve the dispute without court action.  Fed. R. Civ. P. 26(c)(1).  Furthermore, Local Rule 251 provides that:

> [A] motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolves their differences, and (2) the parties have set forth their differences and the bases therefore in a Joint Statement re Discovery Disagreement.  Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion.  Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

E.D. Cal. L.R. 251(b).

Plaintiff contends that defendants failed to adequately meet and confer with respect to their motion for a protective order.  That argument is unpersuasive and especially curious in light of plaintiff's own conduct with respect to the meet-and-confer efforts.  As noted above,

4

1 defendants, as the moving party, sent plaintiff a meet-and-confer letter regarding the depositions

2 on August 28, 2013.  Although defendants filed their motion two days later on August 30, 2013,

3 they continued to propose informal meet-and-confer discussions with plaintiff before the hearing

4 in an attempt to informally resolve the issues.  By contrast, as plaintiff's counsel conceded at the

5 hearing, plaintiff entirely failed to respond to defendants' communications regarding the motion,

6 other than to submit its portion of the joint statement on the day that the joint statement was due

7 to the court.  Even though defendants could have sent their August 28, 2013 meet-and-confer

8 letter a few days earlier to permit some additional time for discussions prior to the motion's filing,

9 plaintiff emerges as the primary culprit for having essentially refused to engage in *any* meet-and-

10 confer discussions.

11      Plaintiff also argues that defendants failed to provide a certification accompanying the

12 motion attesting to a sufficient meet and confer prior to the filing of the motion.  Fed. R. Civ. P.

13 26(c)(1).  In that regard, plaintiff claims that defendants' counsel's declaration accompanying the

14 joint statement is inadequate, because it did not accompany the initial motion.  That argument

15 elevates form over substance and lacks merit.  Defendants initiated the meet-and-confer process

16 through the August 28, 2013 letter prior to filing the motion, and the notice of motion specifically

17 references the parties' meet-and-confer obligations.  (ECF No. 43.)  Moreover, Local Rule 251 by

18 its express terms allows the parties to meet and confer "in advance of the filing of the motion *or*

19 *in advance of the hearing of the motion*."  E.D. Cal. L.R. 251(b).  As noted above, defendants

20 continued to invite plaintiff to meet and confer prior to the hearing, but plaintiff apparently

21 declined to do so.  As such, it appears that plaintiff, in insisting on a hypertechnical reading of

22 Rule 26(c)(1), is attempting to hide its own general failure to engage in good faith in the meet-

23 and-confer process.

24      Therefore, the court overrules plaintiff's objections as to the adequacy of defendants'

25 meet-and-confer efforts, and proceeds to the merits of the motion.[1]

26

27 _____

[1] Although the court declines to award sanctions at this juncture, plaintiff is cautioned that future
28 failure to meet and confer in good faith and/or other dilatory conduct in discovery will result in
the imposition of any appropriate sanctions.

1        Substantive Grounds For A Protective Order

2            Defendants argue that good cause exists to preclude the depositions of Mr. Cohen and Mr.

3   Fiore under what is often referred to as the "apex doctrine."

> Virtually every court that has addressed deposition notices directed at an official at the highest level or apex of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.  For that reason, parties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success.  Where a high-level decision maker removed from the daily subjects of the litigation has no unique personal knowledge of the facts at issue, a deposition of the official is improper.  This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue.

13  Groupion, LLC v. Groupon, Inc., 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012) (unpublished)

14  (internal citations and quotation marks omitted); see also Apple Inc. v. Samsung Electronics Co.,

15  282 F.R.D. 259, 263 (N.D. Cal. 2012); Abarca v. Merck & Co., 2009 WL 2390583, at *3 (E.D.

16  Cal. Aug. 3, 2009) (unpublished).  That said, even a corporate president or CEO may be subject

17  to deposition in the appropriate case, and "it is very unusual for a court to prohibit the taking of a

18  deposition altogether absent extraordinary circumstances."  Apple Inc., 282 F.R.D. at 263.

19          Defendants contend that Mr. Cohen and Mr. Fiore have no specialized knowledge of the

20  issues raised in plaintiff's claims.  Mr. Cohen, C&S's CEO, and Mr. Fiore, C&S's Executive

21  Vice President of Warehouse & Distribution, both maintain their regular offices in Keene, New

22  Hampshire.  Defendants assert that defendant C&S, the largest wholesale grocery supply

23  company in the United States, did not employ plaintiff or any of the putative class members, who

24  were instead employed by defendant Tracy.  According to defendants, C&S is the parent

25  company of Tracy, but operates as a separate corporation headquartered in Keene, New

26  Hampshire.  Defendants claim that Mr. Cohen and Mr. Fiore, as top-level executives for a parent

27  company geographically separated from plaintiff's immediate employer, had no personal

28  knowledge regarding plaintiff's job duties or the day-to-day operations of the facilities where

6

1    plaintiff and the putative class members worked.  Furthermore, neither plaintiff nor defendants

2    identified Mr. Cohen and Mr. Fiore as potential witnesses in their initial disclosures; plaintiff's

3    written interrogatories and defendants' responses thereto did not reference Mr. Cohen or Mr.

4    Fiore; none of the documents produced by defendants in response to plaintiff's document requests

5    were prepared by Mr. Cohen or Mr. Fiore; and none of the questions or answers during plaintiff's

6    deposition mentioned Mr. Cohen or Mr. Fiore.  (Yap Decl. ¶¶ 13-16.)

7            Plaintiff submitted the declaration of Jose Chan, a current warehouse supervisor employed

8    by defendants, who stated that, on various occasions during the past three months, his supervisors

9    had informed him that Mr. Cohen and Mr. Fiore were planning to visit defendant Tracy's

10   warehouse in Stockton, California "in the near future."  (Declaration of Jose Chan, ECF No. 47-

11   1.)  Plaintiff argues that, "[i]n the context of the ongoing litigation, Plaintiff deserves an

12   opportunity to question Mr. Cohen and Mr. Fiore about the upcoming visit, which will likely

13   result in interaction with those individuals and putative class members and/or plaintiffs."  (JS at

14   22.)  However, in its portion of the joint statement and at the hearing, plaintiff entirely failed to

15   articulate the relevance of Mr. Cohen's and Mr. Fiore's potential visit to plaintiff's claims in the

16   case.  Moreover, as defendants note, if Mr. Cohen and Mr. Fiore were to travel to facilities where

17   the putative class members work, these individuals would likely have knowledge of such visits.

18   Alternatively, plaintiff may be able to obtain information regarding such visits during depositions

19   of local management or human resources personnel.  Such inquiries would allow plaintiff to

20   ascertain whether there would be a proper basis to depose Mr. Cohen or Mr. Fiore.[2]

21           Additionally, plaintiff contends that defendants have provided no verified evidence, such

22   as declarations, for their assertion that Mr. Cohen and Mr. Fiore have no specialized knowledge

23   related to plaintiff's claims.  However, in the context of apex depositions, courts have generally

24   _____

25   [2] Plaintiff also argues that the potential trip by Mr. Cohen and Mr. Fiore "calls into question
     Defendants' contention that the depositions should not occur because Mr. Cohen and Mr. Fiore
26   are geographically separated from workplaces at issue in this lawsuit."  (JS at 22.)  Needless to
     say, the fact that Mr. Cohen and Mr. Fiore may be planning a future trip to the Stockton facility
27   does not by itself contradict the notion that they are ordinarily geographically separated from the
     workplaces at issue in this lawsuit and have limited knowledge of the day-to-day operations of
28   those workplaces.

1   required *the party noticing the deposition* to make at least some preliminary showing that the

2   deponent has unique, non-repetitive, first-hand knowledge of facts at issue in the case.  See

3   Groupion, LLC, 2012 WL 359699, at *2; WebSideStory, Inc. v. NetRatings, Inc., 2007 WL

4   1120567, at *3 (S.D. Cal. Apr. 6, 2007).  For the reasons discussed above, plaintiff failed to make

5   such a showing.

6          Finally, even if Mr. Cohen and Mr. Fiore conceivably have some knowledge of facts at

7   issue in this case, plaintiff has not shown that other less intrusive means of discovery have been

8   exhausted.  Other than noticing the depositions of Mr. Cohen and Mr. Fiore, plaintiff has not

9   noticed any other depositions in this case.  (Yap Decl. ¶ 18.)  In their objections to the deposition

10   notices, defendants suggested that plaintiff could conduct a Rule 30(b)(6) deposition with respect

11   to operational issues of the location where plaintiff worked or the operations of defendant Tracy;

12   conduct depositions of managers/supervisors at defendant Tracy who had responsibility for

13   operations or activities involving plaintiff and the putative class members; and/or conduct

14   depositions of Human Resources or Payroll personnel with responsibilities for operations or

15   policies pertaining to plaintiff and the putative class members.  Defendants offered to make such

16   witnesses, many of whom are apparently in California, available for deposition on mutually

17   agreeable dates.  (Yap Decl. Ex. C.)  On his part, plaintiff has provided no explanation for why he

18   has not first attempted to exhaust these less intrusive means of discovery.

19          In light of the above, the court concludes that plaintiff has not made the required showing

20   for taking the depositions of these high-level, apex executives; that the burdens imposed on Mr.

21   Cohen, Mr. Fiore, and defendants outweigh the benefits of allowing the depositions to proceed at

22   this juncture; and that defendants have thus shown good cause for the issuance of a protective

23   order.

24          Therefore, the court vacates the deposition notices regarding Mr. Cohen and Mr. Fiore,

25   but without prejudice to plaintiff re-noticing their depositions at an appropriate stage of

26   discovery.  In particular, plaintiff may reissue deposition notices directed at these individuals if

27   additional depositions and/or other discovery reveal that Mr. Cohen or Mr. Fiore has unique, non-

28   repetitive, first-hand knowledge of facts at issue in the case, and less intrusive means of discovery

1   have been exhausted.  However, plaintiff is cautioned that if it is subsequently determined that

2   plaintiff re-noticed the depositions of these individuals for improper reasons or without a

3   sufficient basis under the authorities outlined above, the court may impose any appropriate

4   sanctions.

5         Other Discovery Issues

6         At the hearing, defendants advised the court regarding another discovery dispute

7   concerning the scheduling of depositions of certain putative class members.  The parties are

8   directed to meet and confer in good faith with respect to the scheduling of such depositions.  A

9   telephonic conference regarding that matter is set for Tuesday October 1, 2013, at 11:30 a.m.  The

10  parties shall promptly contact the undersigned's courtroom deputy to make arrangements for a

11  telephonic appearance at that conference.

12        If the parties are unable to resolve their dispute, they shall file a joint letter brief, limited

13  to no more than 2 pages, framing the disputed issues and briefly outlining the parties' positions

14  with respect the disputed issues no later than 12:00 p.m. on Monday September 30, 2013.

15  Alternatively, the parties may advise the undersigned's courtroom deputy that their dispute has

16  been resolved and that the telephonic conference may be taken off calendar.

17        The parties are cautioned that failure to meet and confer and cooperate in good faith with

18  the scheduling of the depositions will result in the imposition of sanctions.

19  CONCLUSION

20        Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

21      1.  Defendants' motion for a protective order (ECF No. 43) is GRANTED on the terms

22          outlined in this order.

23      2.  The court vacates the deposition notices regarding Mr. Cohen and Mr. Fiore, but

24          without prejudice to plaintiff re-noticing their depositions at an appropriate stage of

25          discovery.  In particular, plaintiff may reissue deposition notices directed at these

26          individuals if additional depositions and/or other discovery reveal that Mr. Cohen or

27          Mr. Fiore has unique, non-repetitive, first-hand knowledge of facts at issue in the case,

28          and less intrusive means of discovery have been exhausted.

9

3.   A telephonic conference with respect to the parties' additional discovery dispute concerning scheduling of certain depositions is set for Tuesday October 1, 2013, at 11:30 a.m.  The parties shall promptly contact the undersigned's courtroom deputy to make arrangements for a telephonic appearance at that conference.

4.   If the parties are unable to resolve their dispute, they shall file a joint letter brief, limited to no more than 2 pages, framing the disputed issues and briefly outlining the parties' positions with respect the disputed issues no later than 12:00 p.m. on Monday September 30, 2013.  Alternatively, the parties may advise the undersigned's courtroom deputy that their dispute has been resolved and that the telephonic conference may be taken off calendar.

IT IS SO ORDERED.

Dated:  September 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10