UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS BICEK, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act,

Plaintiff,

v.

C&S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

No. 2:13-cv-00411-MCE-KJN

**MEMORANDUM AND ORDER**

Through this action, Plaintiff Dennis Bicek ("Plaintiff") seeks relief from Defendants C&S Wholesale Grocers, Inc. ("C&S") and Tracy Logistics, LLC ("Tracy Logistics") (collectively "Defendants") for violations of California state law. On December 10, 2012, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Sacramento, on behalf of himself and others similarly situated. Plaintiff alleges violations of: (1) California Labor Code § 1194 for unpaid minimum and overtime wages; (2) the California Labor Code Private Attorneys General Act, Cal. Labor Code §§ 2698-2699.5; and (3) violations of California's unfair competition law, Cal. Bus.

& Prof. Code §§ 17200-17207. On February 28, 2013, Defendants removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Presently before the Court is Defendants' Motion to Deny Class Certification. Mot., Mar. 6, 2014, ECF No. 64. Plaintiff filed a statement of non-opposition. Response, Mar. 17, 2014, ECF No. 65. For the reasons set forth below, Defendants' Motion is GRANTED.[1]

## BACKGROUND[2]

Plaintiff brings the present action on behalf of himself and other current and former warehouse supervisors at warehouses operated by Defendants within California. Plaintiff's proposed class includes warehouse supervisors who worked for Defendants from February 3, 2007, until such time as a final judgment in this case is entered. Defendants employed Plaintiff as a warehouse supervisor, which is an "exempt" salaried position, from approximately November 2007 to December 2011, in Sacramento County. Defendants hired Plaintiff, allegedly misclassified him as an "exempt" employee, and paid him on a salary basis, without any compensation for overtime hours worked, missed meal periods, or rest breaks. According to Plaintiff, Defendants engaged in a uniform policy and systematic scheme of wage abuse against their warehouse supervisors. This alleged scheme involved misclassifying warehouse supervisors as "exempt" for purposes of payment of overtime compensation, when in fact these employees were "non-exempt" under California law.

Plaintiff and other class members allege they worked over eight hours per day, and/or more than forty hours per week during the course of their employment with Defendants. Furthermore, although Defendants knew or should have known that

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs pursuant to Local Rule 230(g).

[2] The following recital of facts is taken, sometimes verbatim, from Plaintiff's Class Action Complaint. Pl.'s Compl. Attached to Defs.' RJN, ECF No. 1-1.

Plaintiff and putative class members were entitled to receive certain wages as overtime compensation, Plaintiff and putative class members did not receive such wages. Similarly, according to Plaintiff, he and the other putative class members did not receive all rest and meal periods that they were entitled to receive; nor did they receive one additional hour of pay when a meal period was missed. Plaintiff also alleges that while Defendants knew or should have known that Plaintiff and putative class members were entitled to receive at least minimum wages as compensation, Plaintiff and putative class members did not receive at least minimum wages for all hours worked.

Plaintiff and putative class members further claim they were entitled to timely payment of all wages during their employment and to timely payment of wages earned upon termination, but did not receive timely payment of these wages either during their employment or upon termination. Plaintiff and putative class members likewise did not receive complete and accurate wage statements from Defendants, although Defendants knew or should have known that Plaintiff and putative class members were entitled to these statements. Defendants also failed to keep complete and accurate payroll records. Finally, Defendants falsely represented to Plaintiff and putative class members that the wage denials were proper. Instead, these wage denials were improper and served the purpose of increasing Defendants' profits.

## ANALYSIS

Class actions are governed by Federal Rule of Civil Procedure 23.[3] A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

"rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Id. at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Zinser v. Accufix Research Inst., Inc., 235 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001).

Rule 23(a) states in relevant part that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all." As a threshold matter, Rule 23(a) requires that to certify a class, the court must be satisfied that:

> (1) the class is so numerous that joinder of all members is impracticable (the "numerosity" requirement); (2) there are questions of law or fact common to the class (the "commonality" requirement); (3) the claims or defenses of representative parties are typical of the claims or defenses of the class (the "typicality" requirement); and (4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy of representation" requirement).

Collins v. Cargill Meat Solutions Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011) (quoting In re Itel Secs. Litig., 89 F.R.D. 104, 112 (N.D. Cal. 1981)); see also Hanlon, 150 F.3d at 1019 (listing four requirements).

Rule 23(b), for its part, requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

The defendant may file a preemptive motion to deny class certification or to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939 (9th Cir. 2009). Even in cases where the defendant files the motion to deny class certification, the plaintiff bears the burden of demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule 23(b) are met. Narouz v. Charter Comm'n, LLC, 591 F.3d 1261, 1266 (9th Cir. 2010).

Here, because Plaintiff filed a statement of non-opposition to Defendants' Motion to Deny Class Certification, Plaintiff has failed to meet his burden to demonstrate that each of the requirements of Rule 23(a), and at least once of the requirements of Rule 23(b), are met. Accordingly, Defendants' Motion to Deny Class Certification is GRANTED.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Deny Class Certification, ECF No. 64, is GRANTED.

IT IS SO ORDERED.

Dated: April 11, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT