UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS BICEK; individually, and on
behalf of other members of the general
public similarly situated, and on behalf
of aggrieved employees pursuant to
the Private Attorneys General Act
("PAGA"), et al.,

       Plaintiffs,

   v.

C&S WHOLESALE GROCERS, INC.,
a Vermont corporation; TRACY
LOGISTICS, LLC, an unknown
business entity,

       Defendants.

No.  2:13-cv-00411 MCE-KJN

AMENDED PRETRIAL SCHEDULING
ORDER

After the Order of Defendants' Motion for Partial Summary Judgment (ECF No. 96), the Court makes the following Amended Pretrial Scheduling Order.

I.   SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

1

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. sections 1332(a), 1441 and 1446. Jurisdiction and venue are not contested.

IV.   DISCOVERY

Discovery has closed.

V.   DISCLOSURE OF EXPERT WITNESSES

Expert discovery has closed.

VI.   MOTION HEARING SCHEDULE

The dispositive motion deadline has passed.

VII.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **September 1, 2016 at 2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **August 11, 2016**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the

1   Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit

2   lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

3       The parties should identify first the core undisputed facts relevant to all claims.

4   The parties should then, in a concise manner, identify those undisputed core facts that

5   are relevant to each claim.  The disputed facts should be identified in the same manner.

6   Where the parties are unable to agree as to what disputed facts are properly before the

7   Court for trial, they should nevertheless list all disputed facts asserted by each party.

8   Each disputed fact or undisputed fact should be separately numbered or lettered.

9       Each party shall identify and concisely list each disputed evidentiary issue which

10  will be the subject of a motion in limine.

11      Each party shall identify the points of law which concisely describe the legal

12  issues of the trial which will be discussed in the parties' respective trial briefs.  Points of

13  law should reflect issues derived from the core undisputed and disputed facts.  Parties

14  shall not include argument or authorities with any point of law.

15      The parties shall prepare a joint statement of the case in plain concise language

16  which will be read to the jury at the beginning of the trial.  The purpose of the joint

17  statement is to inform the jury what the case is about.

18      The parties are reminded that pursuant to Local Rule 281 they are required to list

19  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose

20  to offer at trial.  After the name of each witness, each party shall provide a brief

21  statement of the nature of the testimony to be proffered.  The parties may file a joint list

22  or each party may file separate lists.  These list(s) shall not be contained in the body of

23  the Joint Final Pretrial Conference Statement itself, but shall be attached as separate

24  documents to be used as addenda to the Final Pretrial Order.

25      Plaintiffs' exhibits shall be listed numerically.  Defendants' exhibits shall be listed

26  alphabetically.  The parties shall use the standard exhibit stickers provided by the Court

27  Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is

28  exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters,

1  note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All

2  multi-page exhibits shall be stapled or otherwise fastened together and each page within

3  the exhibit shall be numbered.  All photographs shall be marked individually.  The list of

4  exhibits shall not include excerpts of depositions, which may be used to impeach

5  witnesses.  In the event that Plaintiffs and Defendants offer the same exhibit during trial,

6  that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court

7  cautions the parties to pay attention to this detail so that all concerned will not be

8  confused by one exhibit being identified with both a number and a letter.

9          The Final Pretrial Order will contain a stringent standard for the offering at trial of

10  witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned

11  that the standard will be strictly applied.  On the other hand, the listing of exhibits or

12  witnesses that a party does not intend to offer will be viewed as an abuse of the Court's

13  processes.

14          The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

15  Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a)

16  the formulation and simplification of issues and the elimination of frivolous claims or

17  defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance

18  of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the

19  Joint Final Pretrial Conference Statement and participate in good faith at the Final

20  Pretrial Conference with these aims in mind.  A failure to do so may result in the

21  imposition of sanctions which may include monetary sanctions, orders precluding proof,

22  elimination of claims or defenses, or such other sanctions as the Court deems

23  appropriate.

24  VIII.    <u>TRIAL BRIEFS</u>

25          The parties shall file trial briefs not later than **August 18, 2016**.  Counsel are

26  directed to Local Rule 285 regarding the content of trial briefs.

27  ///

28  ///

IX.     EVIDENTIARY AND/OR PROCEDURAL MOTIONS

Any evidentiary or procedural motions are to be filed by **August 11, 2016.**
Oppositions must be filed by **August 18, 2016** and any reply must be filed by
**August 25, 2016.**  The motions will be heard by the Court at the same time as the Final
Pretrial Conference.

X.      TRIAL SETTING

The trial is set for **October 24, 2016 at 9:00 a.m**.  Trial will be a jury trial. The
panel will consist of  eight (8)  jurors.  The parties estimate a trial length of **five (5) days**.

XI.     SETTLEMENT CONFERENCE

At the Final Pretrial Conference, the Court may set a settlement conference if the
parties so request.  In the event no settlement conference is requested, the parties are
free to continue to mediate or attempt to settle the case with the understanding that the
trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to
have a principal with full settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least seven (7) calendar days
before the settlement conference, counsel for each party shall submit to the chambers of
the settlement judge a confidential Settlement Conference Statement.  Such statements
are neither to be filed with the Clerk nor served on opposing counsel.  Each party,
however, shall serve notice on all other parties that the statement has been submitted.  If
the settlement judge is not the trial judge, the Settlement Conference Statement shall not
be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference
prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of
the case. In the event an early settlement conference date is requested, the parties shall
file said request jointly, in writing.  The request must state whether the parties waive
disqualification, pursuant to Local Rule 270(b), before a settlement judge can be
assigned to the case.  Absent the parties' affirmatively requesting that the assigned

1    Judge or Magistrate Judge participate in the settlement conference AND waiver,

2    pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

3    XII.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

4         Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed

5    order requesting referral to the Voluntary Dispute Resolution Program.

6    XIII.    MODIFICATION OF PRETRIAL SCHEDULING ORDER

7         The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

8    Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court

9    upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone

10    to modify the Pretrial Scheduling Order does not constitute good cause.  Except in

11    extraordinary circumstances, unavailability of witnesses or counsel will not constitute

12    good cause.

13    XIV.    OBJECTIONS TO PRETRIAL SCHEDULING ORDER

14         This Pretrial Scheduling Order will become final without further order of the Court

15    unless objections are filed within seven (7) court days of service of this Order.

16         IT IS SO ORDERED.

17    Dated:  September 2, 2015

20    MORRISON C. ENGLAND, JR., CHIEF JUDGE
      UNITED STATES DISTRICT COURT

6