1   SEYFARTH SHAW LLP
    Jon D. Meer (SBN 144389)
2   jmeer@seyfarth.com
    Casey J.T McCoy (SBN 229106)
3   cjtmccoy@seyfarth.com
    Michael Afar (SBN 298990)
4   mafar@seyfarth.com
    2029 Century Park East, Suite 3500
5   Los Angeles, California 90067-3021
    Telephone:     (310) 277-7200
6   Facsimile:     (310) 551-8324

7   SEYFARTH SHAW LLP
    Julie G. Yap (SBN 243450)
8   jyap@seyfarth.com
    400 Capitol Mall, Suite 2350
9   Sacramento, California  95814-4428
    Telephone:     (916) 448-0159
10  Facsimile:     (916) 558-48399

11  Attorneys for Defendants
    C&S WHOLESALE GROCERS, INC. and TRACY
12  LOGISTICS, LLC

13                UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16  DENNIS BICEK; individually, and on behalf          Case No. 2:13-cv-00411-MCE-KJN
    of other members of the general public
17  similarly situated, and on behalf of aggrieved     **STIPULATION OF DISMISSAL**
    employees pursuant to the Private Attorneys        **PURSUANT TO FEDERAL RULE OF**
18  General Act ("PAGA"),                              **CIVIL PROCEDURE SECTION**
                                                       **41(A)(1)(A)(II) REGARDING**
19                      Plaintiff,                     **PLAINTIFFS BICEK, CHAN,**
                                                       **ALVAREZ, GEERLOF, MOORE,**
20          v.                                         **TILOS, ROBERTS, RAUSCHE,**
                                                       **GUNTER, VALDES, AND WOEHRLE**
21  C&S WHOLESALE GROCERS, INC., a                     **AND ORDER**
    Vermont corporation; TRACY LOGISTICS,
22  LLC, an unknown business entity; and DOES          Before The Hon. Morrison C. England, Jr.
    1 through 100, inclusive,,
23
                        Defendants.
24

25

26

27

28

STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION
41(A)(1)(A)(II) AND ORDER

28464884v.1

## STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 41(A)(1)(A)(II)

Plaintiffs Dennis Bicek, Jose Chan, Jesus Alvarez, Eugene Geerlof, Bradley Moore, Benjamin Tilos, Jr., Sean Roberts, Timothy Rausch, Sue Gunter, Manuel Valdes, Jr., and James E. Woehrle (collectively, "Plaintiffs") and Defendant C&S Wholesale Grocers, Inc. and Tracy Logistics, LLC ("Defendants"), by and through their respective counsel of record, agree as follows:

**WHEREAS**, on or about December 10, 2012, Plaintiff Dennis Bicek filed a putative class action complaint against Defendants in the Superior Court of the State of California for the County of Sacramento, *Bicek v. C&S Wholesale Grocers, Inc., et al.*, Case No. 34-2012-00136674, alleging state law claims for unpaid overtime wages, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum wages, wages not timely paid during employment, non-compliant wage statements, failure to keep requisite payroll records, and violations of the California Business and Professions Code § 17200, *et seq..*  On February 28, 2013, Defendants removed this matter to the United States District Court for the Eastern District of California based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and under the Class Action Fairness Act.

**WHEREAS**, on or about July 18, 2013, Plaintiff Jose Chan filed a Complaint in the Los Angeles County Superior Court of the State of California in *Chan v. C&S Wholesale Grocers, Inc., et al.*, Case No. BC515593, alleging state law claims for unpaid overtime wages, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum wages, wages not timely paid during employment, non-compliant wage statements, failure to keep requisite payroll records, unreimbursed business expenses, and violations of the California Business and Professions Code § 17200, *et seq..*  On August 29, 2013, Defendants removed this matter to the United States District Court for the Central District of California based on diversity of citizenship jurisdiction under 28

1  U.S.C. § 1332(a).  On October 11, 2013, on Defendants' motion, the matter was

2  transferred to the United States District Court for the Eastern District of California.

3      **WHEREAS**, on or about July 19, 2013, Plaintiff Jesus Alvarez filed a Complaint

4  in the San Joaquin County Superior Court of the State of California in *Alvarez v. C&S*

5  *Wholesale Grocers, Inc., et al.*, Case No. 39-2013-00299543, alleging state law claims

6  for unpaid overtime wages, unpaid meal period premiums, unpaid rest period premiums,

7  unpaid minimum wages, wages not timely paid during employment, non-compliant wage

8  statements, failure to keep requisite payroll records, unreimbursed business expenses, and

9  violations of the California Business and Professions Code § 17200, *et seq.*.  On August

10  29, 2013, Defendants removed this matter to the United States District Court for the

11  Eastern District of California based on diversity of citizenship jurisdiction under 28

12  U.S.C. § 1332(a).

13      **WHEREAS**, on or about July 30, 2013, Plaintiffs Eugene Geerlof, Bradley

14  Moore, Benjamin Tilos, Jr., Sean Roberts, Timothy Rausch, Sue Gunter, Manuel Valdes,

15  Jr., and James E. Woehrle filed a complaint against Defendants in the Superior Court of

16  the State of California for the County of Los Angeles in *Geerlof, et al. v. C&S Wholesale*

17  *Grocers, Inc., et al.,* alleging claims under the California Labor Code for unpaid overtime

18  wages, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum

19  wages, wages not timely paid during employment, non-compliant wage statements,

20  failure to keep requisite payroll records, unreimbursed business expenses, and violations

21  of the California Business and Professions Code § 17200, *et seq.*, Case No. BC516796

22  ("Action").  On September 6, 2013, Defendants removed this matter to the United States

23  District Court for the Central District of California based on diversity of citizenship

24  jurisdiction under 28 U.S.C. § 1332(a).  On October 11, 2013, on Defendants' motion,

25  the matter was transferred to the United States District Court for the Eastern District of

26  California.

27  ///

28

3

STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION
41(a)(1)(A)(ii) AND ORDER

1    **WHEREAS**, on April 14, 2014, this Court issued a Memorandum and Order,

2    granting Defendants' Motion to Deny Class Certification [Document No. 67].

3    **WHEREAS**, on June 25, 2014, *Chan v. C&S Wholesale Grocers, Inc*., Case No.

4    2:13-cv-02140; *Alvarez v. C&S Wholesale Grocers, Inc.*, Case No. 2:13-cv-01798; *Payne*

5    *v. C&S Wholesale Grocers, Inc*., Case No. 2:13-cv-02153; and *Geerlof v. C&S Wholesale*

6    *Grocers, Inc*., Case No. 2:13-cv-02175, were consolidated with the litigation entitled,

7    *Bicek v. C&S Wholesale Grocers, Inc.*, Case No. 2:13-cv-00411 ("Consolidated Action")

8    [Document No. 76].

9    **WHEREAS**, on or about September 22, 2014, Plaintiff Bicek served, by mail,

10   a statutory offer of compromise to Defendants pursuant to California Code of Civil

11   Procedure section 998, offering to dismiss all of his claims in this lawsuit with

12   prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

13   timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

14   of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

15   and proof of service [Document No. 81].

16   **WHEREAS**, on or about September 22, 2014, Plaintiff Gunter served, by mail,

17   a statutory offer of compromise to Defendants pursuant to California Code of Civil

18   Procedure section 998, offering to dismiss all of his claims in this lawsuit with

19   prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

20   timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

21   of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

22   and proof of service [Document No. 82].

23   **WHEREAS**, on or about September 22, 2014, Plaintiff Rausche served, by

24   mail, a statutory offer of compromise to Defendants pursuant to California Code of

25   Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with

26   prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

27   timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

28

4

28464884v.1

1  of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

2  and proof of service [Document No. 83].

3       **WHEREAS**, on or about September 22, 2014, Plaintiff Woehrle served, by

4  mail, a statutory offer of compromise to Defendants pursuant to California Code of

5  Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with

6  prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

7  timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

8  of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

9  and proof of service [Document No. 84].

10       **WHEREAS**, on or about September 22, 2014, Plaintiff Moore served, by mail,

11  a statutory offer of compromise to Defendants pursuant to California Code of Civil

12  Procedure section 998, offering to dismiss all of his claims in this lawsuit with

13  prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

14  timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

15  of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

16  and proof of service [Document No. 85].

17       **WHEREAS**, on or about September 22, 2014, Plaintiff Geerlof served, by

18  mail, a statutory offer of compromise to Defendants pursuant to California Code of

19  Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with

20  prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

21  timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice

22  of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance,

23  and proof of service [Document No. 86].

24       **WHEREAS**, on or about September 22, 2014, Plaintiff Tilos served, by mail, a

25  statutory offer of compromise to Defendants pursuant to California Code of Civil

26  Procedure section 998, offering to dismiss all of his claims in this lawsuit with

27  prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants

28

STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION
41(a)(1)(A)(ii) AND ORDER

28464884v.1

timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance, and proof of service [Document No. 87].

WHEREAS, on or about September 22, 2014, Plaintiff Roberts served, by mail, a statutory offer of compromise to Defendants pursuant to California Code of Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance, and proof of service [Document No. 88].

WHEREAS, on or about September 22, 2014, Plaintiff Alvarez served, by mail, a statutory offer of compromise to Defendants pursuant to California Code of Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice of Accepted Offer of Judgment on November 7, 2014, including the offer, acceptance, and proof of service [Document No. 89].

WHEREAS, on or about December 23, 2014, Plaintiff Chan served, by mail, a statutory offer of compromise to Defendants pursuant to California Code of Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice of Accepted Offer of Judgment on January 14, 2015, including the offer, acceptance, and proof of service [Document No. 92].

WHEREAS, on or about December 23, 2014, Plaintiff Valdes served, by mail, a statutory offer of compromise to Defendants pursuant to California Code of Civil Procedure section 998, offering to dismiss all of his claims in this lawsuit with

6

STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 41(a)(1)(A)(ii) AND ORDER

prejudice in exchange for Defendants waiving costs and attorneys' fees.  Defendants timely accepted Plaintiff's statutory offer of compromise.  Defendants filed a Notice of Accepted Offer of Judgment on January 14, 2015, including the offer, acceptance, and proof of service [Document No. 93].

**NOW, THEREFORE,** THE PARTIES, BY AND THROUGH THEIR COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.      Plaintiff Dennis Bicek's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 81];

2.      Plaintiff Jose Chan's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 92];

3.      Plaintiff Jesus Alvarez's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 89];

4.      Plaintiff Eugene Geerlof's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 86];

5.      Plaintiff Bradley Moore's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 85];

6.      Plaintiff Benjamin Tilos, Jr.'s individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 87];

7.      Plaintiff Sean Roberts's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 88];

STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 41(a)(1)(A)(ii) AND ORDER

28464884v.1

8.   Plaintiff Timothy Rausche's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 83];

9.   Plaintiff Sue Gunter's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 82];

10.   Plaintiff Manuel Valdes Jr.'s individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 93];

11.   Plaintiff James E. Woerhle's individual claims shall be dismissed with prejudice, in exchange for a waiver and full release of fees and costs incurred by Defendants, [Document 84];

12.   Each party agrees to bear its own fees and costs related to this matter.


Dated: September 5, 2016        LAWYERS *for* JUSTICE, PC

                                _/s/ Edwin Aiwazian_
                                Edwin Aiwazian
                                *Attorneys for* Plaintiffs

Dated: September 6, 2016        SEYFARTH SHAW LLP

                                _/s/ Julie G. Yap_
                                Julie G. Yap
                                *Attorneys for* Defendants


IT IS SO ORDERED.

Dated:  September 21, 2016

                                _____
                                MORRISON C. ENGLAND, JR
                                UNITED STATES DISTRICT JUDGE

8